GEORGE B. MURRELL, *Appellant,* v. WILLIAM R. PETERSON AND THE PETERSON-MCNEILL COMPANY, A CORPORATION, *Appellees.*

1. A verbal agreement at the time title is taken that it will be held upon the same terms that the law implies, does not interfere with the implied trust resulting from the payment of the purchase price by two and the taking of title in the name of one of the two.

2. There is equity in a bill of complaint that seeks to enforce an implied or constructive trust as to the ultimate ownership of lands, even though there be an express agreement as to the preliminary use of the land.

3.  All those against whom relief is prayed are proper and neces-
    sary parties.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the
court.

*Davant & Davant,* for Appellant;

*H. M. Hampton* and *H. L. Anderson,* for Appellees.

WHITFIELD, C. J.—On a former appeal the original bill
of complaint in this cause was held to be subject to the
demurrer interposed. Murrell v. Peterson, 57 Fla., 480,
49 South. Rep., 31. The amended bill alleges in brief
that the complainant George B. Murrell and William R.
Peterson by parol agreement bought in equal interests
certain described lands each paying one-half the purchase
price, but the title was taken in the name of Peterson;
that it was agreed complainant should first use the lands
for turpentine purposes and then defendant should use
the timber rights, that an undivided one-half interest in
the land exclusive of the turpentine and timber rights
should be conveyed to complainant when desired, and
that the turpentine rights and the timber rights would
be regarded as and were of equal value; that complain-
ant "sold out and assigned his turpentine business * * *
including his said right of possession and turpentine priv-
ilege in and to said lands," under an agreement with the
defendant Peterson and the purchasers that Peterson
would recognize the vendees "and should convey to them
the said undivided one-half interest and estate in and to

the said land in lieu and stead of the complainant; that the vendees took possession and were recognized by Peterson as the holders of said turpentine privilege; that the vendees paid complainant for the turpentine privilege and for the one-half interest in the land to be conveyed by Peterson, and although admitting the agreement Peterson delayed and has failed to execute his deed to the half interest, and by reason thereof the purchasers rescinded their agreement and recovered the purchase price from complainant; that Peterson repeatedly promised to convey to complainant but failed to do so and finally refused to do so; that disregarding his agreement Peterson formed a corporate company under the name of Peterson McNeill Company, of which company Peterson is president, and conveyed the lands by warranty deed to said company in February, 1905, and said company with full knowledge of complainant's rights "has continued to withhold the conveyance of the said half interest, but complainant is informed and believes and therefore alleges, has sold and by warranty deeds conveyed unto certain strangers certain parcels of the said lands," and complainants knew nothing of said conveyances by any of said parties "until during the month of June or July, 1908." The prayer is for an accounting for one-half the value of the lands conveyed by the company, and "that complainant be decreed to be the owner in fee of an undivided one-half interest in and to such parcels of said lands as have not been sold by said Peterson-McNeill Company prior to the institution of this suit, and that the said defendant W. R. Peterson be decreed to pay the complainant the fair value of an undivided one-half interest in and to such parcels of land as have been sold by said Peterson-McNeill Company," and for general relief.

The bill of complaint was demurred to because in brief (1) it is without equity; (2) complainant has no right to

maintain this suit; (3) gross laches; (4) the remedy at law is adequate; (5) the agreement is void under the statute of frauds; (6) no personal decree can be rendered against Peterson; (7) the bill is multifarious. This demurrer was sustained and the complainant appealed.

The original bill was filed July 23, 1908, and in view of the allegations of the bill as to Peterson's conduct laches to bar this suit do not appear.

A verbal agreement at the time title is taken that it will be held upon the same terms that the law implies, does not prevent the implied trust from resulting from the payment of the purchase price by two and the taking of title in the name of one of the two. See 15 Am. & Eng. Ency. Law (2nd Ed.) 154; Robinson v. Leflore, 59 Miss., 148; Smithsonian Institution v. Meech, 169 U. S., 398, 18 Sup. Ct. Rep., 396.

The alleged agreement "that an undivided one-half interest in said lands, exclusive of said turpentine rights and said saw mill right, should belong to said complainant, and should be conveyed to said complainant by the said defendant, William R. Peterson, when desired by said complainant," is, except as to the turpentine and timber features, the same that the law would imply from the payment of the purchase price equally by both complainant and defendant Peterson and the taking of title by the latter only.

The special express agreement as to the turpentine and timber rights in the lands may be disregarded in this application for a conveyance of the title under the implied trust.

When the title is adjusted, any rights of the parties in the lands may be determined in due course.

W. R. Peterson is a necessary party because he is alleged to have had the title and to have conveyed the land by warranty deed. The prayer for a personal judgment

against Peterson is incidental to the other relief prayed and does not render the bill multifarious.

This bill does not seek to enforce the express agreement as to the turpentine and timber rights, but to enforce the implied or constructive trust growing out of the payment of one-half of the purchase price by the complainant and the taking of the title in the name of the defendant Peterson. Under the allegations of the bill the Peterson-McNeill Company is a proper defendant in stating the equities. There is equity in the bill and the demurrer should have been overruled. The amended bill is essentially different from the original bill.

The decree is reversed and the cause remanded.

TAYLOR, SHACKLEFORD, HOCKER and PARKHILL, J. J., concur.

COCKRELL, J., (*dissenting.*)

In my opinion the moving consideration for the purchase of the land was that Murrell should have the turpentine and Peterson the logging rights therein, and that the subsequent ownership of the land was a minor and almost negligible consideration. This would make it inequitable to enforce upon unwilling parties an implied and resulting trust, making for them a contract that neither would voluntarily have entered into. The statute of frauds forbids the enforcement of the express trust, and the fact that an express contract was entered into by the parties prevents the enforcement of an implied trust.