H. W. Fox, *Appellant,* v. ANNIE L. KIMBALL, *Appellee.*

Division B.

Opinion Filed July 27, 1926.

Where the members cf the appellate court are equally divided in opinion as to whether a decree on appeal should be reversed or affirmed, and there is no prospect of a change of judicial opinion, the decree should be affirmed, so that the litigation may not be unduly prolonged.

An Appeal from the Circuit Court for Orange County; C. O. Andrews, Judge.

*Maguire & Voorhis,* for Appellant.

*Massey, Warlow & Carpenter,* for Appellee.

BUFORD, J.—The appellant was complainant in the Circuit Court of Orange County and filed his bill of complaint against the appellee alleging that prior thereto he had purchased certain real estate in Orange County, Florida, and had taken title to the same in the name of Annie L.

Kimball, but that the equitable title was in himself and that the record title had been taken in the name of Annie L. Kimball for convenience. He alleged that certain lots had been sold by Annie L. Kimball to the City of Orlando and prayer for an accounting for the proceeds of these lots and prayed that he be adjudged to be the sole equitable and beneficial owner of all the lots remaining unsold and which had not been conveyed by the said Annie L. Kimball and that the order direct the said Annie L. Kimball to convey such property to him. The appellee who was the defendant in the lower court filed her, answer alleging in substance that she was the owner and holder of both the legal and equitable title to all the property involved in this suit. In due course testimony was taken and upon the same being submitted to the Court, a decree was rendered as follows, to-wit:

''This cause coming on for final hearing upon the report of the testimony taken before an Examiner, and the Court having read the testimony and inspected the exhibits duly attached thereto, and the issues raised at said hearing having been argued and briefed by counsel for the respective parties; and the Court now being advised of its judgment to be given in the premises:

The Court finds thereupon—

1st. That the equities are with the complainant as to lots 7, 8, 9, 21 and 22 of Fair Oaks and Ivanhoe Subdivision of Orlando, recorded in Book 'B,' page 138, Public Records of Orange County, Florida, and therefore it is hereby ordered, adjudged and decreed that the defendant, Annie L. Kimball, is hereby declared to hold title to said above described lots in trust for and on behalf of the complainant from the date of their purchase and that the defendant shall within 20 days from the recording of this decree make an accounting of all moneys or negotiable

papers in her custody received from the City of Orlando for said lots 7, 8, and 9, above described. That said defendant shall be and is hereby relieved from any accounting as to other said lots above described, it appearing that no income or benefits ever came into her possession or control from said property.

2nd. That the equities are with the Defendant as to Lots 5, 6, 23, 24, 25, 26, 27, and 58 of Fair Oaks and Ivanhoe Subdivision of Orlando, it appearing from a preponderant weight of the testimony, as also the undisputed circumstances, that the title to said last above named lots were irrevocably conferred by gift upon said defendant a short while after their purchase by the delivery by complainant of a duly recorded deed to her as grantee.

3rd. The Court further finds that the complainant in the same manner made a further gift at the same time and place of the land comprised in the deed to the W½ of the SE¼ of the NE¼ of the NW¼ and of the E½ of the SW¼ of the NE¼ of the NW¼ of Section 30, Township 22 South, Range 30 East, less fifteen feet off the North side reserved for a road, from George S. Russell in 1899; and Lots 10 and 31 of Fair Oaks and Ivanhoe Sub-division of Orlando, Florida, it appearing, however, that the title to said land has long since passed into the hands of innocent purchasers, through a duly executed deed for value; and it further appearing that complainant took care of and paid taxes on the other property described in the second paragraph of this decree for a long period of time after the said Gift, that same shall stand as at the time of bringing this suit, that is, without question of title as to either party to this suit.

C. O. Andrews,

Judge of the Seventeenth Judicial Circuit.''

The appellant contends that he purchased and paid for

the property involved with his own money and as heretofore stated and for convenience had the deeds made in the name of his niece, the appellee, and that there was no intention on his part for the equitable title to be vested in the appellee. He contends that the transaction effected a resulting trust to him and that he is therefore entitled to have the title of the property decreed to him.

The appellee contends that appellant purchased the property with his own money and that he freely and voluntarily had the deeds conveying the entire title to her and made a gift to her of the entire property and at the time he stated that at his death she should have all of his property; she contends that the transaction effected no resulting trust to the appellant.

From the decree of the Chancellor, appeal was taken by appellant and errors were assigned as follows:

"Now comes the appellant in the above cause and assigns the following error to be relied upon in the Supreme Court of the State of Florida in said cause:

1. The Court erred in its conclusions of law, on the facts found, as to this part of its Final Decree. 2nd. That the equities are with the defendant as to Lots 5, 6, 23, 24, 25, 26, 27, and 58 of Fair Oaks and Ivanhoe subdivision of Orlando, it appearing from a preponderant weight of the testimony, as also the undisputed circumstances, that the title to said last above named lots was irrevocably conferred by gift upon said defendant a short while after their purchase by the delivery of complainant of a duly recorded deed to her as grantee.'

2. The following part of the Final Decree of the Court is contrary to law: '2nd. That the equities are with the defendant as to Lots 5, 6, 23, 24, 25, 26, 27, and 58 of Fair Oaks and Ivanhoe Subdivision of Orlando, it appear-

ing from a preponderant weight of the testimony, as also the undisputed circumstances, that the title to said last above named lots was irrevocably conferred by gift upon said defendant a short while after their purchase by the delivery by complainant of a duly recorded deed to her as grantee.'

3. The following part of the Final Decree of the Court is contrary to law and the evidence in this case: '2nd. That the equities are with the defendant as to Lots 5, 6, 23, 24, 25, 26, 27, and 58 of Fair Oaks and Ivanhoe Subdivision of Orlando, it appearing from a preponderant weight of the testimony, as also the undisputed circumstances, that the title to said last above named lots was irrevocably conferred by gift upon said defendant a short while after their purchase by the delivery by complainant of a duly recorded deed to her as grantee.'

4. The Court erred in the following portion of its Final Decree, to-wit: '2nd. That the equities are with the defendant as to Lots 5, 6, 23, 24, 25, 26, 27, and 58 of Fair Oaks and Ivanhoe Subdivision of Orlando, it appearing from a preponderant weight of the testimony, as also the undisputed circumstances; that the title to said last above named lots was irrevocably conferred by gift upon said defendant a short while after their purchase by the delivery by complainant of a duly recorded deed to her as grantee. For there is not sufficient evidence to warrant the conclusions of facts therein decreed.''

Cross assignments were filed by the appellee as follows:

''1. The Court below erred in declaring that the defendant held in trust for the complainant Lots 7, 8, 9, of Fair Oaks in Ivanhoe, a subdivision of Orlando, and in decreeing that the defendant should account to the complainant for all moneys or negotiable papers in her custody received from the City of Orlando for them.

2. The Court below erred in declaring that the defendant held in trust for the complainant Lots 21 and 22 of Fair Oaks in Ivanhoe, a subdivision of Orlando.

3. The Court below erred in not dismissing the whole bill.''

After careful consideration of the evidence we are of the opinion that the probative force thereof shows that appellant was the uncle of appellee; that he had prior to date of the purchase of any of the property ceased to live with his wife and had determined to make appellee the recipient of all his property either by will, gift or deed, that he purchased all of the property described in the decree with his own money but with then and there the intent that it should be the property of the appellee and that he therefore had the deeds made conveying the title to the appellee. That being so disposed he did actually deliver deeds conveying a part of the property to the appellee and advised her and many other persons, both interested and disinterested, that he had bought the property for the appellee and had given it to the appellee.

The evidence further shows that he continued in the management and control of the property but that during the continuance of such management and control he held out to appellee and to others that he was accumulating the property for appellee. That while the property was being managed by the appellant he bargained to sell two parcels of the property which had been conveyed under above stated conditions to the appellee and that he requested her to execute deeds conveying same to purchasers, which she did. The evidence further shows that in 1922, appellant began negotiations of sale of lots 6, 7, 8 and 9 of Fair Oaks and Ivanhoe to the City of Orlando and that appellee refused to sign the deeds except upon the conditions that the proceeds of the sale should be delivered to

her. This was done by the City of Orlando. The evidence also shows that in 1919, appellant procured a deed to lots 9 and 10 of the property involved for the purpose of perfecting title to such lots and took the deed at that time in the name of appellee.

We conclude that the evidence shows that both appellant and appellee at and from the time of the purchase of the property until a breach occurred between them in 1921 considered the property as that of appellee and that the appellant had at no time intended to claim any resulting trust by reason of the transaction until after the breach had occurred and appellee had ceased to live with appellant. At the time the property was purchased the appellee was living with her father and mother, the latter being a sister of appellant, in the State of Connecticut. Her parents were old and infirm and she had devoted her life to caring for them; and before their death the appellant advised her that he had bought this property for her and that she, at his death, would come into possession of all the balance of his property. When the appellee's parents died she was invited by appellant to make her future home with him and was again advised that the property was hers and that at his death she would come into possession of all the property which he owned. This appears to have occurred in 1915 and from then until 1921 she made her home with the appellant.

It is presumed that if one buy property and take the conveyance of title in the name of another a resulting trust arises in favor of the party supplying the purchase money.

Dewhurst v. Wright, 29 Fla. 22, 10 So. 682.

This presumption, however, is merely an equitable one and may be rebutted by facts, and where facts appear to show that it was intended that the person in whose name the title is taken should take the beneficial interest as well as the legal title, such facts negative the presumption.

Perry on Trusts and Trustees, Vol. One, Secton 139, and cases there cited.

In Lewin on Trusts, 8th Edition, Volume One, Page 194, the writer says: ''Resulting Trusts, the subject of the present chapter, may be subdivided into the two following classes: *First,* where an *owner* or person legally and equitably entitled makes a conveyance, devise, or bequest of the legal estate, and there is no ground for the inference that he meant to dispose of the equitable; and *Secondly,* where a *purchaser* of property takes a conveyance of the legal estate in the name of a third person, but there is nothing to indicate an intention of not appropriating to himself the beneficial interest.''

Numerous cases are cited by this authority.

In the present case, however, there is abundance of evidence indicating that it was the intention of the appellant at the time of the purchase not to appropriate to himself the beneficial interest in the property.

''The trust results to the real purchaser by presumption of law, which is merely an *arbitrary implication* in the absence of *reasonable proof* to the contrary, the nominal purchaser is at liberty to rebut the presumption by the production of parol evidence showing the intention of conferring the beneficial interest and the evidence to rebut need not be as strong as evidence to create a trust.'' Lewin on Trust, 8th Edition, page 233, and cases there cited. McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836, and cases there cited.

''Where a resulting trust is sought to be established by parol evidence, the burden rests upon the person asserting the existence of the trust to remove every reasonable doubt as to its existence by clear, strong and unequivocal evidence.''

The Chancellor appears to have given much weight to that evidence showing that the deeds conveying certain lots

were delivered to the appellee by the appellant. This was an incident which tended to show the intent with which the property was purchased but the delivery of these deeds to the appellee did not change her status nor did that affect the status of the appellant with reference to the property. The evidence is clear that whatever his intention was as to the title to any part of the property that same intent applied to all of the property and his actions and declarations showed that at the time of the purchase and of taking the deeds of conveyance his intention was not to reserve any beneficial interest in himself.

In Jackson ex dem. Feller v. Feller, N. Y. 2nd Wendell 465, it was held *"A resulting trust* may be rebutted by *parol* proof that the lands in which the estate is claimed were a gift and advancement to the grantee, and were not purchased for the benefit of the party paying the consideration money,'' and this continues to be the view of the Courts in this country.

In Lewin on Trusts, Vol. 1, Eighth Edition, page 233, the writer says: ''When it has been once ascertained that the understanding of the parties at the time of the purchase was that the legal owner should also be the beneficial owner, it is not competent for the person who paid the money to put a different construction upon the instrument at any subsequent period, and claim the estate against his intentions at the time (a) ; and even if under such circumstances the legal tenant agreed afterwards to execute a conveyance to the person who paid the money, the Court would not enforce the contract, if merely voluntary (b).''

In Dudley v. Bosworth, 10 Humphreys Tenn. 9-51 Am. Dec. 690, the Court say: ''WHETHER CONVEYANCE TAKEN IN THE NAME OF ANOTHER THAN THE PERSON PAYING THE CONSIDERATION is an advancement to such other, or a resulting trust is created,

depends upon the character of the transaction at its inception."

Resulting trusts may be rebutted by parol declarations of the persons in whose favor it would otherwise be raised.

> 29 Ga. 651, 76 Am. Dec. 624, 30 Maine 121, 50 Am. Dec. 617, 26 R. C. L., 1231.

The evidence in this case did not warrant the adjudication contained in that part of the decree which reads as follows: "That the equities are with the complainant as to Lots 7, 8, 9, 21, and 22 of Fair Oaks and Ivanhoe Subdivision of Orlando, recorded in Plat Book 'B,' page 138, Public Records of Orange County, Florida; and, therefore, it is hereby ordered, adjudged and decreed that the defendant, Anna L. Kimball, is hereby declared to hold the title to said above described lots in trust for and on behalf of the complainant from the date of their purchase; and that the defendant shall within 20 days from the recording of this decree make an accounting of all moneys or negotiable papers in her custody received from the City of Orlando for said lots 7, 8, and 9, above described. That said defendant shall be and is hereby relieved from any accounting as to other said lots above described, it appearing that no income or benefits ever came into her possession or control from said property."

The evidence we think establishes the fact that a resulting trust did not exist in the complainant as to the title to any part of the property involved in the suit. The decree should be reversed with directions that a decree be entered conforming to this opinion.

The foregoing opinion is concurred in by Mr. Justice WHITFIELD, and Mr. Justice ELLIS. Mr. Chief Justice BROWN, Mr. Justice TERRELL and Mr. Justice STRUM concur in the statements of law contained in the opinion, but are unable to concur in the order suggested and are of the opinion that the decree of the chancellor should be in all

respects affirmed. It is therefore ordered that the decree be and the same is hereby affirmed on authority of rule stated in the case of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 South. Rep. 51.

All concur.