W. O. WALKER v. G. H. LANDRESS, *et al.*

149 So. 545.
Opinion Filed July 12, 1933.

*Cone & Chapman,* of Lake City, for Appellant;..

*Guy Gillen* and *J. E. Gillen,* of Lake City, for Appellee.

WORTH W. TRAMMELL, Circuit Judge—This appeal is from an order overruling demurrer to a bill of complaint filed prior to the date the "1931 Chancery Act" became effective.

The bill of complaint alleges in brief that one T. E. Walker and her sister, Harriett Walker, in January, 1901, being desirous of purchasing certain lands described in the bill, made an agreement with one T. J. Summerall to purchase the property for a named consideration, their father, L. F. Walker, acting as their agent in the transaction; that their father, L. F. Walker, acting as their agent, gave his note to T. J. Summerall to evidence a part of the purchase price; that a portion of such note was paid with their funds in 1902 by T. E. Walker and Harriett Walker, through their father acting as their agent; that their father became deceased, but they continued to make payments with their funds to T. J. Summerall, and completed the full payment of the purchase price in 1904; that desiring a male member of the family to look after the lands for them, they requested T. J. Summerall to execute the warranty deed to their brother, W. O. Walker, in whom they reposed especial trust and confidence; that the deed was, at their request, executed by T. J. Summerall to defendant, W. O. Walker, appellant here, but remained in their possession; that before the execution of the deed, it was verbally agreed between said T. E. Walker and Harriett Walker, of the one part, and defendant, W. O. Walker, of the other part, that the latter should hold the legal title in trust for his sisters above named, looking after the lands without charge, and that he would make such disposition. of the lands as and when directed by them; that since the execution of the deed,

T. E. Walker and Harriett Walker have always been in possession of the lands; that until July, 1931, the defendant always acknowledged that he held the legal title in trust for them, and was willing to convey the lands to them; that in the month of July, 1931, one of the complainants, Harriett Walker Scarborough, who is one and the same person as Harriett Walker, requested the defendant to convey the lands to herself and the heirs of T. E. Walker, who had died prior to such time, but the defendant, W. O. Walker, for the first time refused and ever since continued to refuse to convey the title to them, and denied that he held the title in trust for them, but claimed the property as his own; that no such claim of ownership was made by defendant until July, 1931; that G. H. Landress, one of the complainants, as the sole surviving heir of T. E. Walker, who died intestate, owns an undivided one-half interest in the lands, while Harriett Walker Scarborough, nee Harriett Walker, owns the other undivided one-half interest in the lands; that the defendant, W. O. Walker, at different times leased parts of the timber on the lands for turpentine purposes, for which he has not accounted to complainants. The bill prays that a trust be declared in favor of complainants, for an accounting, and other relief.

To the bill of complaint a demurrer was interposed, the grounds of which may be summed up as follows: (1) it is without equity; (2) the suit is barred by the statute of limitations; (3) the agreement is void under the statute of frauds; (4) because of laches, on the part of complainants.

Upon hearing the demurrer to the bill of complaint, the Court entered its order overruling the demurrer, and to this ruling the defendant sued out writ of error.

This Court held in the case of Dewhurst, *et al.*, v. Wright, 29 Fla. 223, 10 So. 682, that "Where a person makes a law-

ful purchase of land for himself with his own money, taking title in the name of another person, a trust results in favor of the purchaser, and the person in whose name the title is taken becomes a trustee of the title in favor of the purchaser." The bill of complaint in this case alleges facts fully sufficient to create a resulting trust in favor of the complainant below, appellee here.

There is "a presumption that if one buy property and take the conveyance of title in the name of another, a resulting trust arises in favor of the party supplying the purchase money." Fox v. Kimball, 92 Fla. 401, 109 So. 465.

The bill alleges that before the execution of the deed it was verbally agreed between T. E. Walker and Harriett Walker, of the one part and the defendant W. O. Walker, that the legal title to said lands should be taken in the name of the defendant. A verbal agreement as the one alleged in this case does not prevent the implied trust from resulting. Murrell v. Peterson, 59 Fla. 566, 53 So. 726.

It is not necessary that any contractual relations exist in order to create a resulting trust. Such a trust arises by implication of law on a particular statement of facts. When a person purchases property with his or her money and the deed is taken in the name of another the law creates by implication a trust in favor of the person whose money pays for the property. Sorrels et al. vs. McNally, 89 Fla. 457, 105 So. 106. The allegations of the bill of complaint in the instant case are sufficient, if proven to create such a trust.

The statute of frauds is not applicable to a resulting trust, which may be proved by parol. Sections 5664, Compiled General Law; Boswell v. Cunningham, 32 Fla. 277, 13 So. 354; Quinn v. Phipps, 93 Fla. 805, 113 So. 419.

Appellant contends that Sections 4660 and 4661, Compiled General Laws, 1927, are applicable here, and, bar the complainants' suit. The statute of limitations do not begin to

run until repudiation of the trust by the Trustee, Perry on Trusts, Sec. 863, (6th Ed.). In Browder v. Da Costa, 91 Fla. 1, 109 So. 448, we said: "There is no showing that the trust reposed in Barrs has been repudiated by him, and until this is done the statute of limitations must remain inoperative in all those jurisdictions where it is otherwise effective. In our state, under the holding here announced, Section 2927, Revised General Statutes of Florida 1920, makes the statute of limitations inapplicable."

In the case of Amos v. Campbell, 9 Fla. 187, we quoted with approval from Angell on Limitations, 188, as follows: "Trusts in their strict and technical sense, are known only in equity, and falling as they do in such a sense in the particular and exclusive jurisdiction of a Court of Equity, the doctrine has been long established that so long as they subsist they cannot be reached, as between trustee and *cestui que trust,* by the statute of limitation." We also said, "Those trusts which are mere creatures of a Court of Equity, and not within the cognizance of a court of law, are not within the statute of limitations."

It still remains to consider whether the complainants' suit is barred by laches. It appears from the bill that there was no repudiation of the trust by the defendant until July, 1931. The complainants had no reason to enforce the trust, in view of the defendant's recognition thereof, until such time, although the trust may have been created in 1904. The suit was instituted on the 17th day of August, 1931. It therefore appears that the complainants were vigilant in instituting suit within a very short time after repudiation of the trust by the defendant.

In Anderson v. Northrop *et al.* 30 Fla. 612, 12 So. 318, the rule with reference to laches as applicable to continuing trusts is stated as follows: "That in cases of continuing trusts that are strictly such, and recognized and enforced in

courts of equity only, so long as the relation of trustee and *cestui que trust* continues to exist, no length of time will bar the *cestui que trust* of his rights in the subject of the trust as against the trustee, unless circumstances exist to raise a presumption from lapse of time of an extinguishment of the trust, or unless there has been an open denial or repudiation of the trust brought home to the knowledge of the *cestui que trust* which would require him to act as upon an asserted adverse title."

We conclude that the complainants' bill of complaint does not show that they have been guilty of laches sufficient to bar their right to relief.

The order overruling demurrer to the bill of complaint should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., absent because of illness.