90 So.2d 324 (1956)
Irene Feaster Gardler DACUS and Jeannette Feaster Carson, Each for Herself Individually, and for the use and benefit of Addie Lee Feaster Carpenter, Norma Dana Feaster Frame and Thomas Andrew Feaster, Individually and for the use and benefit of Thomas Andrew Feaster, as Executor under the Last Will and Testament of Jerome Twitchell Feaster, Deceased, and for the use and benefit of Thomas Andrew Feaster, as Trustee under the Last Will and Testament of Jerome Twitchell Feaster, Deceased, Appellants,
v.
C.D. BLACKWELL, as Executor of the Last Will and Testament of Maude (Mrs. J.T.) Feaster, Deceased, Appellee.
Supreme Court of Florida. Division B.
October 24, 1956.
Rehearing Denied November 19, 1956.
*326 John C. Wynn, Sam & Anderson and Britton, Hodges & Hyman, Miami, for appellants.
C.D. Blackwell, West Palm Beach, for appellee.
O'CONNELL, Justice.
The appellants, Irene Feaster Gardler Dacus and other heirs of the estate of Jerome T. Feaster, were plaintiffs in the trial court. They appeal from a final decree dismissing their bill of complaint filed against C.D. Blackwell, who in his capacity as executor of the estate of Maude Feaster, widow of Jerome T. Feaster, was the defendant below and is the appellee here.
Jerome T. Feaster died testate in 1940. He named co-executors of his will his widow, Maude Feaster, and his son by a previous marriage, Thomas Feaster. Beneficiaries included his widow, Maude, and his five children of a previous marriage. The will placed the estate in a trust, naming the executors as trustees. Maude Feaster, the widow, elected to take dower and each of the five children signed a waiver and appearance for the purpose of joining in the proceedings for assignment of the widow's dower. On February 20, 1941 final judgment for dower was entered. In 1943 Maude Feaster was declared by the probate court to be the sole acting executor and C.D. Blackwell was substituted for Thomas Feaster as co-trustee of the testamentary trust; in 1943 the assets of the estate were distributed to Maude Feaster and C.D. Blackwell, as co-trustees, and the executors of Jerome Feaster's estate were discharged. During August 1951 Maude Feaster died and C.D. Blackwell was named as the executor of her estate.
It appears, from the bill of complaint, that on or about December 1, 1951 an accountant, engaged by plaintiffs, advised that at the time of the death of Jerome T. Feaster, their father, there was in effect a statute stating "and in all cases the portion of the widow, whether said dower or such child's part or share under the will, shall be ratably liable with the remainder of the estate for all estate and inheritance taxes and all costs, charges and expenses of administration * * *." Chapter 18999, Laws of Florida 1939, as amended F.S.A. § 731.34, and that the widow, Maude Feaster, had never paid to the estate the share of the taxes and costs which she was obligated to pay under this law. A few weeks later, in January of 1952, plaintiffs filed a claim for this obligation against Maude's estate and in May 1952 instituted this suit in chancery in the Circuit Court for Dade County. In May 1953 the Chancellor appointed a special master to determine whether the widow was charged with her share of the taxes and costs, and if not, the amount of her *327 share. In September of 1954 the master reported she had not been so charged and the amount was the sum of $17,795.89. Exceptions were filed to the master's report but were never disposed of, nor was the report ever confirmed. After several hearings, the court on June 20, 1955 entered the final decree from which this appeal is taken. Said final decree dismissed the bill of complaint, the Chancellor stating therein:
"The activities which are the basis of this suit took place almost fifteen years ago. The matter was concluded by decree or order of the Probate Court over eleven years ago. Any claim or part of the claim not precluded by the County Judge's Court even antedates that order and is necessarily barred by the lapse of intervening time."
The defendant-appellee contends that the decree appealed from should be affirmed on three grounds: (1) that the circuit court had no jurisdiction; (2) the statute of limitations had run against plaintiffs and they were guilty of laches; and (3) the matters sought to be litigated were res judicata, having been previously adjudicated by the Probate Court.
By answering the defendant's contentions we also determine the question raised by appellants. We will therefore first consider the defendant's contentions.
As to defendant's position that the circuit court had no jurisdiction of the cause he argues that the plaintiffs seek to have the circuit court "review in original proceedings by bill in equity and not by its appellate jurisdiction, orders and judgments of the Probate Court". We do not construe the bill of complaint to be an attack on the orders of the probate court. It is a suit against the estate of Maude Feaster, individually. The case of Durrance v. Underhill, 1944, 154 Fla. 437, 18 So.2d 4, is in point and decides this contention against the defendant. See also First Nat. Bank of Colorado Springs v. McGuire, 7 Cir., 1950, 184 F.2d 620.
Defendant next contends that the statute of limitations had run against the plaintiffs and that they were guilty of laches. Maude Feaster, as we read the record before us, served as a co-executor and then as sole executrix of the estate of Jerome T. Feaster and also as co-trustee of the testamentary trust established by the will of Jerome T. Feaster. We believe it immaterial to the disposition of this cause that Maude Feaster also served as co-trustee of the testamentary trust since as executrix of the said estate she occupied a fiduciary relationship to the plaintiffs. In such capacity she was a trustee of the assets of the estate for the creditors of the estate and the plaintiffs. It was in this capacity that the inequity complained of occurred. To the effect that a personal representative is a trustee see Amos v. Campbell, 9 Fla. 187 and Pyle v. Pyle, Fla., 53 So.2d 312.
Defendant takes the position for purposes of argument that if any excess sums were paid to Maude Feaster when her dower estate was paid to her, they were paid by her in her fiduciary capacity, as executrix to herself as an individual. As to this we agree. But he further argues that this fiduciary capacity terminated upon her final discharge, and that the statute of limitations would then begin to run. He further argues that if Maude received overpayment she became merely a constructive trustee as to the excess and that the statute runs against a constructive trustee.
In Amos v. Campbell, supra, we held that an executor remained a trustee as to undistributed assets of the estate for 15 years after his final discharge. In arriving at its conclusion in the last cited case this Court said that "* * * the trust growing out of the office of the executor or administrator is not only direct but peculiarly within the province of equity jurisdiction * *." The Court in deciding that the statute did not run held that "* * * the settlement of an executor's account in the proper court does not change his character as trustee, and *328 that he still holds the assets for the purposes of the will and not adversely to it * * *." This case is still good law. It accords with logic and reason. A trustee should not be allowed to profit by failure to do that which the relationship requires be done. We hold that a personal representative is a trustee, for the creditors and heirs, of the assets of an estate. That the statute of limitations does not run until repudiation of the trust or adverse possession by the trustee with knowledge by the cestui que trust is well settled. Walker v. Landress, 111 Fla. 356, 149 So. 545, and Smith v. Reddish, 113 Fla. 20, 151 So. 273. Repudiation of the trust and knowledge by the plaintiffs do not appear in the record before us.
It is well settled that the invocation of the doctrine of laches requires a showing, not only of a lapse of time, but also that the delay was unreasonable and that it has reacted to the disadvantage of the person seeking to invoke the doctrine. State ex rel. Shein v. Attwood, Fla. 1953, 64 So.2d 917; Bethea v. Langford, Fla., 45 So.2d 496; and Stephenson v. Stephenson, Fla., 52 So.2d 684.
It does not appear that under the facts of this case the length of the delay or the effect thereof is such as would warrant the barring of plaintiffs' claim on the ground of laches. The orders of the probate court and the returns filed by Maude Feaster, as co-executrix, in the probate of the estate of her husband would appear to be the best evidence of whether she paid her share of the cost of administration and taxes in question. These records are apparently still available and Maude Feaster would be estopped to deny the contents thereof.
Defendant last contends that the orders of the probate court were res judicata as to the matters raised in the instant suit. There are three orders of the probate court necessary to be considered. They are (1) the Final Judgment for Dower, (2) the Order Confirming and Approving Final Report and Directing Executors to Make Distribution, and (3) the Order of Final Discharge.
Chapter 16103, Laws of Fla. 1933, applicable at the time the widow elected to take dower, required the setting aside of dower "* * * immediately after the widow shall have exercised her election to take dower * * *." F.S.A. § 733.09. As above stated, Chapter 18999, Laws of Fla. 1939, provided that said dower should be ratably liable for inheritance and estate taxes and costs, charges, and expenses of administration. We do not construe that the statutes F.S., F.S.A. §§ 733.12, 733.13 and 733.14, require that the sums due by the widow for her pro rata share of the taxes and costs be determined at the time of entry of the final judgment for dower. In most cases such items cannot be determined until after dower is assigned and confirmed. When dower is assigned and paid it is the duty of the personal representative to either hold back sufficient monies to pay the share of such items charged to said dower by the statute or to collect these sums from the widow when the amount due is determined. It is obvious from reading the return of the commissioners appointed to set off dower and the final judgment for dower in which the return of the commissioners was approved by the probate court, that neither the commissioners nor the court considered the proration of such items. The court did order in the Final Judgment for Dower that "* * * The compensation so awarded (to the commissioners) and all costs and expenses of these proceedings * * *" be charged against the estate and not against the dower estate. As to the cost of the proceedings for assignment of dower we hold that this order would be res judicata, but it would not be res judicata as to the other costs, charges and expenses incurred in the probate of the estate and not as to the inheritance and estate taxes paid by the estate. Neither the determination of the amount of these items due by the widow on her dower nor the payment thereof was before the court in the proceedings leading to the judgment for dower. The case of Amos v. *329 Campbell, supra, is decisive of the effect of the order confirming and approving the final report and the order of final discharge. Such orders did not change the character of the executrix as a trustee as to any assets of the estate considered in equity to be still in her hands.
The only point left for us to decide is whether the overpayment of dower to Maude Feaster, or stated another way, her failure as executrix, to require herself as an individual to pay to the estate her pro rata share of the items listed in the statute, amounts to the unjust retention by her, as executrix, of assets of the estate. We think it does.
A personal representative is under a duty to collect debts due the estate, whether due from himself or someone else. He is considered as having paid the debt due from himself and as having in his possession in his fiduciary capacity that much more cash. Danielson v. Redenbaugh, 1943, 233 Iowa 1343, 11 N.W.2d 593, 595, 597. This should be particularly true where the personal representative inherits from the estate.
Under the above statute, Chapter 18999, supra, Maude Feaster owed the estate of her husband a sum equal to the pro rata share of taxes, costs, etc., imposed on her dower share. If she did not pay these sums she is considered to continue to hold them as trustee (executrix) and her estate is liable therefor. The trial court should determine the amount which was due by the widow and whether payment was made by her.
Plaintiffs also contend that the fiduciary relationship of Maude Feaster to them was a continuing one, first as executrix, then as trustee of the testamentary trust, and that the change from executrix to trustee of the trust did not terminate the trusteeship. They argue that under the maxim of equity which regards that as done which ought to have been done Maude Feaster should have paid over to herself, as trustee of the testamentary trust, the sums due by her for taxes, costs, etc., and therefore that she should be regarded as having such funds in her possession as such trustee. Further, under this view, they argue that the statute of limitations would not apply until Maude's death which terminated the trust relationship.
There is merit to this contention. However, having decided that: (1) Maude, in in her capacity as executrix, was a trustee for the plaintiffs as to any sums due by her to the estate of Jerome T. Feaster; (2) the orders of the probate court did not terminate this trust relationship and (3) were not res judicata as to the plaintiffs' claim; and (4) that in the absence of a repudiation of the trust and notice thereof to the plaintiffs the statute of limitations would not apply, we need not consider the latter contention of plaintiffs.
We believe it the better view to determine this cause on the responsibility and actions of Maude as executrix.
For the reasons expressed herein the decree appealed from is reversed and remanded for further proceedings consistent herewith.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.