CARROLL, Judge.
This is an appeal by the plaintiff from an order dismissing his amended complaint in a law action brought in the circuit court in Dade County. The determinative question is whether the amended complaint stated a cause of action. We hold that it did, and reverse the judgment of dismissal on authority of Dacus v. Blackwell, Fla. 1956, 90 So.2d 324.
Plaintiff and defendant were entitled to share equally in an estate. Defendant was the administrator and also legal adviser of the plaintiff. Acting on advice from the defendant which he charges was improperly given, plaintiff agreed to a distribution which he alleges resulted in his obtaining less and the defendant obtaining more than entitled from the estate. Orders of distribution and for discharge of the administrator were entered in the probate court. Nine months later the plaintiff sued the defendant individually for compensatory damages for the loss allegedly thus sustained and for punitive damages.
In dismissing the amended complaint on the ground that such action could not be maintained so long as the probate orders remained in effect, the trial court was in error. The action against the defendant is as an individual and not as an administrator, and does not challenge the orders of the probate court. Cases which are closely in point on the facts and support appellant’s contention that his amended complaint stated a cause of action are Durrance v. Underhill, 154 Fla. 437, 18 So.2d 4, and Dacus v. Blackwell, supra, Fla.1956, 90 So. *818 2d 324. See also Gerlach v. Donnelly, Fla. 1957, 98 So.2d 493, 498; First National Bank of Colorado Springs v. McGuire, 7 Cir., 1950, 184 F.2d 620, 626. Cf. Deal v. Migoski, Fla.App.1960, 122 So.2d 415.
Reversed and remanded for further proceedings.