RAWLS, Judge.
The sole question on this appeal is whether the complaint, which has been dismissed by the chancellor, states a cause of action under any theory upon which relief may he granted. The amended claimant purports to state a cause of action praying for the following relief: (1) quieting appellants-plaintiffs’ title to certain real estate described as Parcel No. 1 on the theory of adverse possession, (2) on the theory of a resulting trust, or (3) on the theory of “after-acquired title”, (4) and imposition position of a resulting trust of an undivided one-half interest in certain real estate described as Parcel No. 2, legal title to which is vested in appellee-defendant Katiba Holding Company. In view of our conclusion that the chancellor’s decree must be reversed as to items (3) and (4) and the complaint reinstated, we will pretermit any discussion or decision as to plaintiff’s theories (1) and (2).
We first consider plaintiff’s theory of after-acquired title.
Basically, plaintiffs allege that they are the daughter and widow of one Assad J. Katiba, deceased, and are his sole surviving heirs and devisees; that in 1921, Assad Katiba purchased a one-half interest in Parcel No. 1 and placed title to same in his sister, Wardie J. Katiba; that in 1923, Assad purchased the remaining one-half interest in Parcel No. 1 and placed title in same in defendant, J. J. Katiba, with the understanding that he would convey same to Assad upon request; that in 1942, J.J. conveyed the entire interest in and title to Parcel No. 1 to Assad; in 1959, J.J. procured conveyances from the heirs of Wardie, and by reason of these conveyances now asserts a claim of one-half ownership in Parcel No. 1.
The theory of after-acquired title was first expressed in this jurisdiction in Moralis v. Matheson,[1] a case involving an initial warranty deed and the subsequent acquisition by the grantors of title. The Supreme Court, in holding that the initial deed conveyed the land, even though title was acquired at a later date, stated:
“Where a grantor sets forth on the face of his conveyance by averment or recital that he is seised of a particular estate in the premises and which estate the deed purports to convey, the grant- or and all persons in privity with him are estopped from ever afterwards denying that he was seised and possessed at the time he made the conveyance. The estoppel works upon the estate and binds an after-acquired title as between parties and privies.”
Thus, it is apparent that the after-acquired title theory applies in this jurisdiction where the grantors convey by warranty deed. Here, the pertinent allegation is: “ * * * J. J. Katiba, then unmarried, conveyed the entire interest in and title to said lands * * Appellees contend that the absence in the allegation of a conveyance of the fee simple title or inclusion of a warranty clause renders same fatally defective upon the theory of after-acquired title. An exhaustive opinion treating the theory of equitable estoppel of one attempting to assert an after-acquired title against a former grantee is found in Daniell v. Sherrill.[2] There, the State of Florida, by *506 tax deed conveyed certain lands to Gonzalez and Maxwell. They and their successors (appellants Daniell, et al.) were in possession, paying all taxes levied on the land by the State of Florida, until 1933. In that year, the State of Florida granted exclusive jurisdiction to the United States of America. In 1947, the United States of America declared the land surplus, and the State with the knowledge of the appellants’ claim was successful in. competing against the Daniell group in acquiring title to the land from the United States of America. After acquiring a conveyance from the United States, the State sought to quiet its title against Daniell and others. The Supreme Court in reversing the chancellor’s final decree quieting the State’s title, stated:
“Concededly, the tax deeds were invalid, since the United States owned the lands. The United States, or any purchaser from the United States' other than the State of Florida would be entitled to challenge the validity of the tax deeds and the correctness of the recitals thereof, but, may the State acquire the title of the United States and then assert the invalidity of the State’s deeds, and the untruth of the recitals thereof?”
In holding that the State could not assert the invalidity of its own deeds, the Supreme Court quoted with approval from many authorities the principle of law that a title acquired by a grantor subsequent to conveyance will inure to the benefit of his grantee even though covenants of warranty are not included in the deed. And in applying an equitable estoppel against the State, the Court enumerated specific acts of conduct on the part of the State, towards its prior grantees and their successors such as (1) acquiescence in possession and improvement of the property for over 50 years; (2) levy, assessment and collection of taxes for over 50 years; (3) failure to offer or refund taxes collected.
Reverting to the instant cause, for the purposes of reviewing the decree dismissing the complaint for failure to state a cause of action, we must accept as true each material allegation contained therein. Appellant’s allegation that J. J. Katiba in 1942, conveyed the “entire interest in and title to said lands to Assad J. Katiba”, coupled with their allegations of specific acts of conduct, viz.: — (1) possession by plaintiff for more than thirty years,. (2) payment by plaintiffs of purchase money mortgage representing the bulk of the purchase price over a period of more than twenty-five years, (3) claim of homestead on a portion of the land by Assad from 1921 until his death in 1953, and (4) payment of taxes on the land by plaintiffs for more than thirty years — must be construed to allege a conveyance of the whole title in 1942 from J. J. Katiba to Assad Katiba, and that such allegations are sufficient to state a cause, of action within the theory of after-acquired title. The conveyance has not been before the chancellor nor is it a part of the record before us. The vital question which must be resolved by the chancellor in construing the instrument of conveyance is whether it conveys an undivided one-half interest in said lands or whether such instrument conveys the whole title.
Plaintiffs’ remaining point deals with their allegations pertaining to Parcel No. 2 which we consider with respect to the theory of a resulting trust.
 The general rule is stated in Pyle v. Pyle[3] wherein the Supreme Court speaking through Mr. Justice Roberts stated:
“The characteristics of a resulting trust have been many times delineated by this court; and it is well settled that where the purchase money of land is *507 paid by one person, and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who pays the purchase price. Frank v. Eeles, 152 Fla. 869, 13 So.2d 216.”
The plaintiffs’ complaint alleges that Assad contributed an equal share of the purchase price of Parcel No. 2 “ * * * upon the understanding that title to same would be taken in the name of J. J. Katiba, also known as Joudat J. Katiba, and thereafter transferred by the said J. J. Katiba to a corporation to be organized by the said Assad J. Katiba and Joudat J. Katiba, with said parties to share equally in the ownership and profits and dividends and earnings of said corporation and that pursuant to said agreement, the parties organized a Florida corporation, the defendant Katiba Holding Company, and the said J. J. Katiba, joined by his wife, Susie J. Katiba, then conveyed said land to the defendant Katiba Holding Company, a corporation as aforesaid, by a deed dated March 24, 1937, and recorded on the same date in Deed Book 231, page 55; that thereafter the earnings and profits of said corporation were paid in equal shares to the said Assad J. Katiba and the said J. J. Katiba at all times over the period from 1937 to the date of the death of the said Assad J. Katiba in the year 1953, as aforesaid, and annual statements were rendered to the said parties by their joint accountant, J. I. Leak, of Ocala, Florida, showing the earnings of the corporation and the division of same between the parties in equal shares; that upon the death of the said Assad J. Katiba the defendant J. J. Katiba caused the defendant Katiba Holding Company to cease the payment of any share of earnings and profits of said corporation to the said Assad J. Katiba or to his heirs * * * ” We hold that these allegations state a cause of action upon the theory of a resulting trust.
Appellees insist that appellants have continually disregarded the provisions of Rule 1.8(f), Florida Rules of Civil Procedure, 30 F.S.A., with which contention we agree. However, a violation of the Rules of Civil Procedure such as this is not sufficient to sustain a motion to dismiss. Upon consideration of defendant’s motion to strike, the chancellor may in his discretion require the plaintiffs to eliminate the dross contained in plaintiffs’ lengthy and inartfully drawn thirteen page complaint, or to recast their initial complaint.
Reversed, with directions ‘to reinstate plaintiffs’ complaint for further proceedings in accordance with this opinion.
CARROLL, DONALD K., Chief Judge, and WIGGINGTON, J., concur.

. Moralis v. Matheson, 75 Fla. 589, 79 So. 202 (1918).

. Daniell v. Sherrill, 48 So.2d 736 (Fla. 1950).

. Pyle v. Pyle, 53 So.2d 312 (Fla.1951); Also see: Martin v. Wilson, 115 So.2d 573 (Fla.App.1st, 1959); Walker v. Landress, 111 Fla. 356, 149 So. 545 (1933).