177 So.2d 560 (1965)
Henry B. PEACOCK, Jr., Appellant,
v.
Helen E. FIRMAN, Appellee.
No. 64-901.
District Court of Appeal of Florida. Third District.
June 1, 1965.
On Rehearing August 17, 1965.
*561 Dawes & Lummus, Miami, for appellant.
Smith & Mandler; Miami Beach, and Joe N. Unger, Miami, for appellee.
Before TILLMAN PEARSON, HENDRY and SWANN, JJ.
TILLMAN PEARSON, Judge.
The appellant, Henry B. Peacock, Jr., was the defendant in the trial court to a complaint in which the appellee Helen E. Firman prayed for a partnership accounting. In addition, the appellee alleged in her complaint that she had turned over to the defendant large sums of money with which he was to purchase securities so that the plaintiff would be adequately protected in her old age. She also prayed for a decree holding that the securities purchased were her property, and for a money judgment against the defendant in the amount of the total found to be due and owing to the plaintiff. After an extended trial, the trial judge found as follows:
"The Court makes the following findings:
"(A) That plaintiff and defendant were co-partners in that partnership known as Courthouse Parking Lot and that pursuant to the records of said partnership designated H.E. Firman Capital Account A-45, and the proofs adduced before the Court, there is due and owing from the defendant to the plaintiff by virtue of said partnership, the sum of $15,332.51.
"(B) That the evidence establishes that the plaintiff delivered to the defendant the sum of $49,500.00 over a period of years to be held by the defendant for the use and benefit of the plaintiff and that said sums are now due and owing from the defendant to the plaintiff.
"(C) That plaintiff has failed to establish by a preponderance of the evidence that she is entitled to one-half (1/2) of the profits made by Courthouse Parking Lot for the year 1963."
Based upon these findings the chancellor adjudged that the appellant was indebted to the appellee in the sum of $64,832.51.
The defendant on his appeal presents two points, the first of which follows the language of the trial court's finding "(B)", above, and states that the court erred in so finding. Under this point his basic argument is that the final decree is contrary to the weight of the evidence. The appellant urges that, although the record shows advances of between $2,500 and $3,000 each year, these advances were gifts from the appellee to the appellant rather than monies with which securities were to be purchased for her benefit. However, we are convinced that in viewing the record in the light most favorable to the decree rendered below, there is negated any reasonable probability that the advances were gifts to the appellant, who was a wealthy man and unrelated to the appellee.
A second point presented urges that the chancellor erred in finding that the claim to the advances was not barred by the operation of the statute of limitations, or laches measured by the statute of limiations. Under the facts of this case we hold that the advances made by the plaintiff to the defendant created the presumption *562 of a resulting trust. Wadlington v. Edwards, Fla. 1957, 92 So.2d 629; Grapes v. Mitchell, Fla. 1963, 159 So.2d 465. For the reasons previously stated the defendant's mere assertion that such advances were gifts was insufficient to rebut the presumption.
The enforcement of a resulting trust in equity is governed by the doctrine of laches and not by the statutes of limitations although laches may be based on the provisions in statutes of limitations relating to actions at law of like character, absent the presence of intervening equities to the contrary. Furthermore, a beneficiary is not bound to act until the trustee affirmatively disclaims the trust and begins to hold adversely to the beneficial interest. Cf., Wadlington v. Edwards, supra. Walker v. Landress, 111 Fla. 356, 149 So. 545 (1933).
As to when the doctrine of laches will be applied to bar a claim see Bethea v. Langford, Fla. 1950, 45 So.2d 496, which indicates that laches is based not upon the number of years which have elapsed between the accruing of rights and the assertion of them, but upon unreasonable delay in enforcing a right, coupled with a disadvantage to the person against whom the right is sought to be asserted. The test in determining whether laches exists is whether the delay has resulted in injury, embarrassment, or disadvantage to any person, and particularly to the person against whom the relief is sought. Furthermore, laches is an affirmative defense. As such, the burden of proving it is on those who assert it, and it must be proved by very clear and positive evidence. Van Meter v. Kelsey, Fla. 1956, 91 So.2d 327.
We hold that the defendant did not sustain his burden of proving that laches should be applied in this case to either the claim for advances or for sums found due and owing pursuant to the accounting; particularly is this true in view of the fact that the plaintiff did not discover until shortly before this suit was brought that the fund was not intended for her by the appellee.
Affirmed.
HENDRY, J., dissents.

ON REHEARING GRANTED
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
TILLMAN PEARSON, Judge.
The petition of the appellant, Henry S. Peacock, Jr., for a rehearing was granted upon appellant's ground in said petition that the holding, "Furthermore, there is a sufficient basis in the evidence to support the finding of the chancellor that the purpose of the advances was to establish a fund for the benefit of the appellee." was in conflict with the opinion of the Supreme Court of Florida in King v. King, Fla. 1959, 111 So.2d 33. It is apparent to us that the language in our opinion as pointed out by the appellant does appear to be a holding that only some evidence must appear in the record in order to support a finding of a chancellor that an implied trust existed.
Because of this apparent conflict we have re-examined the record in this case after reargument upon the question of the sufficiency of the evidence to support the decree. We hold that the evidence is clear and convincing in character so as to authorize the chancellor to raise the trust fund to exist. In order to avoid the misleading effect of the statement pointed out, we have deleted the quoted sentence from our original opinion and upon this rehearing, we adhere to the original decision in the case.
HENDRY, C.J., dissents.