DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOUGLAS A. HARRISON** and **LAURA RAYBIN MILLER,**
Appellants,

v.

**KIMARIE STRATOS** and **SOUTH BROWARD HOSPITAL DISTRICT,**
d/b/a Memorial Healthcare System,
Appellees.

No. 4D20-2655

[August 4, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE19-005895.

Michael R. Piper and Christopher J. Stearns of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellants.

Chris Kleppin of The Kleppin Firm, P.A., Plantation, for appellee Kimarie Stratos.

PER CURIAM.

Appellants, two members of the Board of Commissioners of the South Broward Hospital District (d/b/a Memorial Healthcare System) ("the District"), appeal an order denying their motion to dismiss appellee Stratos's amended complaint, claiming they are entitled to statutory immunity under section 768.28(9)(a), Florida Statutes (2019). The statute provides state employees immunity from liability for any acts or omissions committed in the course of their employment unless they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. (2019). Appellants argue that Stratos's amended complaint did not allege bad faith or malicious purpose sufficiently to overcome their immunity. In the extensive amended complaint,[1] Stratos, who was

_____

[1] The amended complaint does not comply with Florida Rule of Civil Procedure 1.110(b): "[a] pleading which sets forth a claim for relief . . . must state a cause of action and **shall contain** . . . (2) a **short** and plain statement of the **ultimate**

executive vice president and general counsel for the District, alleged that she was terminated by the Chief Executive Officer of the District after appellants orchestrated a vote by the Board to terminate her employment even though the Board had no authority to do so. Stratos alleged that appellants acted in bad faith and with malicious purpose, because she refused to support their violations of the Sunshine law and "illegal" reimbursement requests. The court concluded that the allegations were sufficient to survive a motion to dismiss but explained that appellants could plead their claims as affirmative defenses and raise them on summary judgment. We agree that the allegations of bad faith and malicious purpose were sufficiently pled to survive the motion to dismiss. Stratos alleged that appellants acted out of ill will and spite and with actual malice. *See Peterson v. Pollack*, 290 So. 3d 102, 108–09 (Fla. 4th DCA 2020). We therefore affirm without prejudice to appellants raising the issue as an affirmative defense and for further proceedings.

WARNER, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

**facts** showing that the pleader is entitled to relief . . . ." (emphasis added). However, if a complaint states a cause of action, "it should not be dismissed, but [the] extraneous portions of the complaint should be treated as surplusage." *Harrell v. Hess Oil & Chem. Corp.*, 287 So. 2d 291, 294 (Fla. 1973) (citations omitted). The amended complaint in this case is 87 pages long and contains 470 numbered paragraphs. There is plenty of "surplusage" in it, which makes it difficult for both opposing counsel and the courts to discern the issues raised and the sufficiency of the pleading. Were appellants to file a motion to strike, the court could "in [its] discretion require [Stratos] to eliminate the dross contained in [her] lengthy and inartfully drawn [87] page complaint, or to recast [her] initial complaint." *Cook v. Katiba*, 152 So. 2d 504, 507 (Fla. 1st DCA 1963).