WILLIAM A. BURGESS, AS EXECUTOR AND MRS. R. I. DUNN, MRS. L. L. PIKE, MARY L. BURROWS, HELEN G. WILLIAMS, A. A. CRAIG AND WARREN W. SHAILER, AS RESIDUARY DEVISEES UNDER THE WILL OF LANDALE W. DUNCAN, DECEASED, *Appellants,* v. ERLE L. WIRT, *Appellee.*

Division A.

Opinion Filed March 4, 1926.

R. B. *Huffaker* and *George W. Oliver,* for Appellants;

*Olliphant & Olliphant,* for Appellee.

Ellis, J.—This is a suit to declare void a deed of conveyance executed by Marie E. P. Griswold, a free dealer, to Erle L. Wirt on July 22, 1912, conveying Lot One (1) and the north half of Lot Four (4) in Block Thirteen (13) of the Summerlin School Lands Addition to the Town of Bartow. "Also a one-half undivided interest in and to beginning at the North East corner of Lot One (1) in Block Eight (8) of the Original Survey of the Town of Bartow, run thence West One hundred feet, thence South fifty feet, thence East One hundred feet and thence North fifty feet to point of beginning."

The Chancellor on final hearing on bill and answer, cross complaint and answer and testimony, decreed the equities to be with the defendant and dismissed the bill. From that decree the complainants appealed.

The suit was begun by Mrs. L. W. Duncan, joined by her husband, L. W. Duncan, in December 1920. In March, 1921, Mrs. Duncan died and the suit was revived in the name of L. W. Duncan, her husband, who filed an amended bill of complaint in June, 1921, in which he alleged himself to be sole devisee and sole executor of the will of Mrs. Duncan.

About July 2, 1922, L. W. Duncan died and during that month the suit was revived in the names of the appellants. The defendant had demurred to the amended bill and the demurrer had been overruled and had answered the bill incorporating a prayer for affirmative relief to which L. W. Duncan had replied and the cause had been referred to a Special Master to take testimony about nine months before L. W. Duncan died.

The Master made his report on the 15th day of August, 1922. The evidence is quite voluminous, consisting of the testimony of witnesses and many documents.

We have discovered in the record no cause for the re-

versal of the decree. The Chancellor's findings of fact set out in his decree were fully justified by the evidence.

The contention of the appellants that it was the purpose of the parties to the conveyance at the time the deed was executed to create a resulting trust in favor of the grantor, Mrs. Griswold, and her mother, Mrs. Ingersoll, upon the lands was not sustained. See Semple v. Semple, — Fla. —, 105 South. Rep. 134.

The findings of the Chancellor upon the facts will not be reversed unless it clearly appears that he erred in his conclusions. See Whidden v. Rogers, 78 Fla. 93, 82 South. Rep. 611, Hill v. Beacham, 79 Fla. 430, 86 South. Rep. 147; Simpson v. First Nat. Bank of Pensacola, 74 Fla. 539, 77 South Rep. 204; Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 South. Rep. 122; Lasseter v. Long, 85 Fla. 439, 96 South. Rep. 841; Cobb v. Cobb, 82 Fla. 287, 89 South. Rep. 869; Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Powell v. Powell, 77 Fla. 181, 81 South. Rep. 105; Manassee v. Dutton Bank, 75 Fla. 327, 78 South. Rep. 424; Johns v. Bowden, 72 Fla. 530, 73 South. Rep. 603.

The decree is therefore affirmed.

Brown, C. J., and Strum, J., concur.

Whitfield, P. J., and Terrell and Buford, J. J., concur in the Opinion.