The defendants have appealed from a final decree in favor of the plaintiff which declared and enforced a resulting trust in and to a one-third interest in certain lands and decreed an accounting between the parties.
The theory of the bill filed by the plaintiff Langford was that the lands involved were purchased by the defendant Elmer Bethea at a tax deed sale, with money owned jointly by the plaintiff and the defendant, as joint adventurers or copartners, with the express oral understanding and agreement between the parties that the land would be bought in by Bethea for and in the name of both parties and for the use and benefit of both; that despite the agreement, Bethea used the money to purchase the lands in his own name and thereafter refused to recognize the plaintiff as a part owner or to convey to him his undivided interest.
An answer was filed by the defendants denying the material allegations of the bill and the cause was referred to a special master to take evidence. At final hearing the chancellor rendered a decree in favor of the plaintiff, in which he made the following findings:
"While the defendant has testified that he undertook to purchase these lands for himself and that the plaintiff had no interest in the transaction, his testimony is evasive and it seems clear to the court that plaintiff and defendant were seeking to acquire title to these lands jointly under the provisions of the Murphy Act * * * having failed to obtain the tax liens, these parties together borrowed the sum of $200.00 from the DeSoto National Bank for the purpose of acquiring the land and this was in furtherance of the partnership agreement or arrangement between them for maintaining and producing cattle * * * at the time the lands involved were conveyed to the defendant, plaintiff and defendant were co-partners and the title was acquired by the defendant in a partnership business and for its purposes and is to be treated as partnership property. This is supported by the conduct and course of dealing by the plaintiff and defendant as shown by the evidence, and it is supported by the understanding and intention as derived from the testimony in this case. The money which constituted the purchase price of the property was money borrowed by the parties jointly in the same manner as they had previously borrowed money for the purchase of cattle. * * * The court does not consider it material that the defendant paid and discharged this partnership obligation. The evidence shows that he did so without the knowledge or consent of the plaintiff. In addition to this, it is shown that after the deed was issued the plaintiff furnished both labor, wire and other material in constructing a fence on the property; that the parties continued in their partnership relation until about a year and a half prior to the bringing of this suit, and that the cattle purchased jointly by them was maintained on and in the vicinity of these lands after the title was acquired until they were finally divided between them about a year and a half before this suit was brought. * * *
"The court has not overlooked the denial by the defendant of any interest of the plaintiff in these lands or of any relationship with him of a fiduciary character at the time the lands were purchased, but his testimony is vague and evasive and the facts established do not support his contention. The court, therefore, finds that these lands were purchased for partnership purposes, with partnership funds and for the use of the partnership under such conditions that the plaintiff has a one-third interest in said lands and is entitled to have his interest conveyed to him."
Based upon these findings the chancellor decreed that the title to the property had been taken by Bethea under such circumstances as to constitute the defendant a trustee for Langford to the extent of a one-third interest in the lands and that he should deed to Langford such interest and *Page 498 
account to him for certain moneys collected from the property. The ultimate question on the appeal is whether the evidence is sufficient to sustain the decree, when measured by the rule required for the establishment of resulting trusts based on parol agreements.
It is the rule in this jurisdiction that where an alleged trust is based on a parol agreement the evidence to establish the trust "must be so clear, strong and unequivocal as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust." Goldman v. Olsen, 159 Fla. 435, 31 So.2d 623, 624; Powell v. Race, 151 Fla. 536, 10 So.2d 142; Frank v. Eeles,152 Fla. 869, 13 So.2d 216; Brown v. Brown, 106 Fla. 423,143 So. 737; Burgess v. Wirt, 91 Fla. 425, 108 So. 169; Johnston v. Sherehouse, 61 Fla. 647, 54 So. 892; Geter v. Simmons, 57 Fla. 423, 49 So. 131; Lofton v. Sterrett, 23 Fla. 565, 2 So. 837. From a careful study of the records and briefs we are of the conclusion that the evidence meets the test laid down and supports the findings of the chancellor. Though the testimony was not taken before the chancellor but by a special master without power to make findings, pursuant to a stipulation of the parties, it is settled law that in such a case the findings of a chancellor will not be disturbed by an appellate court unless shown to be clearly erroneous. Crouch v. Poole, 133 Fla. 489,182 So. 844.
The defendants have argued on this appeal that the plaintiff waited so long to assert his property rights, if any he had, that he should be barred from maintaining his suit on the ground of laches. We find no basis for this contention. The doctrine of laches is bottomed not simply upon the number of years which have elapsed between the accruing of rights and the assertion of them, but upon unreasonable delay in enforcing a right, coupled with a disadvantage to the person against whom the right is sought to be asserted. Anderson v. Northrop, 30 Fla. 612, 12 So. 318; Geter v. Simmons, 57 Fla. 423, 49 So. 131; Marshall v. C.S. Young Construction Co., 94 Fla. 11, 113 So. 565, 55 A.L.R. 662; Walker v. Landress, 111 Fla. 356, 149 So. 545; Smith v. Daffin, 115 Fla. 418, 155 So. 658, 796; City of Stuart v. Green, 156 Fla. 551, 23 So.2d 831. The test in determining whether laches exists is whether the delay has resulted in injury, embarrassment, or disadvantage to any person, and particularly to the person against whom the relief is sought. Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399; P.W. Wilkins Co. v. Groves, 155 Fla. 279, 19 So.2d 834; Jumper Creek Drainage Dist. v. State, 155 Fla. 669, 21 So.2d 459.
We find no room for the application of the doctrine in this litigation. The position of the parties is precisely the same as it was on the day the defendant took title to the property; except, perhaps, that during the intervening period the defendant has profited by selling timber from the land and from renting the land to others for pasturing cattle. The rights of third persons are not involved. The witnesses material to the defendants' cause are available. Up until about a year prior to this suit, the lands were jointly and severally used by the parties to the suit for pasturing cattle jointly purchased and owned by them and cattle individually owned by each. On several occasions during the nine years intervening between the acquisition of the lands and the institution of suit the plaintiff has sought to obtain a satisfactory agreement and settlement with the defendants but his efforts have been evaded by the latter. By reason of these efforts, the defendant has been on notice since the inception of the dispute of the plaintiff's claim to an interest in the property. Despite the conflict between the parties they have remained on friendly terms, to all exterior appearances at least, and have continued to use the lands for their joint purposes. It was only when the defendant finally and unequivocally asserted his position that plaintiff had no interest in the property that the plaintiff realized that his efforts to secure recognition of his interest were fruitless and sought to establish his interest in a court of equity.
Though courts of equity do not look with favor upon stale demands, the delay required to render the defense of laches available "must have been such as *Page 499 
practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted." Fort Pierce Bank Trust Co. v. Sewall, 113 Fla. 811,152 So. 617, 618; Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90. It has not been made to appear that either situation existed with respect to the claim asserted by the plaintiff.
The decree appealed from should therefore be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.