PLEUS, Judge.
Plaintiff-appellant filed complaint in equity to establish and foreclose a lien in the alleged amount of $2,628 on the predicate of an oral agreement between him and defendant-appellee to treat the trees in defendant’s grove for a certain citrus disease known as psorosis, commonly called footrot. On answer admitting an agreement but denying the terms as claimed by plaintiff and containing a counterclaim for damages for injury to the trees, the cause was referred to a special master solely for the purpose of taking the testimony and reporting the same to the court.
The lien was claimed pursuant to Section 85.04 Florida Statutes 1955, F.S.A. and it is admitted that the agreed price was to have been $1 per tree. The plaintiff contends that the agreement was to treat all the trees in defendant’s grove, numbering 2,628; and that regardless of the agreement plaintiff knowingly permitted defendant to so treat all the trees, accepted the benefits thereof and on the theory of quasi-contract is liable. The defendant contends that the agreement was to treat only the diseased trees numbering 314 and that such treatment was the extent of her knowledge or consent.
The decree of the chancellor below denied relief on the counterclaim and granted plaintiff a lien to the extent of $314.
. Plaintiff now contends that the evidence did not support such decree; that regardless of the terms of any express oral contract the evidence was sufficient to justify an award in full on the implied contract and acceptance of benefits and that the lower court erred in denying plaintiff an award of attorney’s fees.
We dismiss the latter contention because the procedure by foreclosure in equity does not permit the award of attorney’s fees.
 Nor are we justified in trying the case de novo merely because the evidence *341 "before the chancellor had been taken before a- master. There is ample evidence in the record which if believed by the chancellor will support his decree finding that the actual agreement between the parties was to treat only the diseased trees and that such trees numbered 314 and there is likewise ■such evidence to justify his denial of recovery on the basis of plaintiff having knowingly permitted all trees to be treated and accepting the benefit thereof.
While in such case the decree may not be on full parity with the verdict of a jury, the rule is well settled that in such ■case it must be clearly erroneous before it will be disturbed by an appellate court. Farrington v. Harrison, 1928, 95 Fla. 769, 116 So. 497; Marcus v. Hull, 1939, 142 Fla. 306, 195 So. 170, 172; Bethea v. Langford, Fla.1949, 45 So.2d 496, 498.
It not appearing that the decree below was clearly erroneous, we decline to disturb the same and therefore the cause below is hereby affirmed.
Affirmed.
KANNER, C. J., and DAYTON, Associate Justice, concur.