CARROLL, CHAS., Judge.
The appellee Hunter J. Vizor, the plaintiff below, filed a complaint in equity in *577 the circuit court in Dade County. He sought and obtained a decree holding that certain lands, the title to which was in the appellant-defendants, were held by them in a resulting trust for him.
The chancellor held for the plaintiff, but based his ruling on finding that the preponderance of the evidence favored the plaintiff.
The learned chancellor was in error in deciding the case on the quantum of proof represented by a preponderance of the evidence. To establish a resulting trust the established rule requires that the evidence must be so clear, positive and unequivocal as to dispel from the mind of the trier of the facts all reasonable doubts as to the existence of the trust.
The case of Goldman v. Olsen, 159 Fla. 435, 31 So.2d 623, 624, dealt with the question, stated the rule and cited the authorities in support thereof, as follows:
“* * * The object of this suit was to establish a resulting trust in her favor and, in such case, the more burdensome rule prevails, requiring that the quantum of proof must be such that the evidence must be so clear, strong and unequivocal as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust. See Lofton v. Sterrett, 23 Fla. 565, 2 So. 837; Geter v. Simmons, 57 Fla. 423, 49 So. 131; Johnston v. Sherehouse, 61 Fla. 647, 54 So. 892; Burgess v. Wirt, 91 Fla. 425, 108 So. 169; Brown v. Brown, 106 Fla. 423, 143 So. 737; Frank v. Eeles, 152 Fla. 869, 13 So.2d 216, and Powell v. Race, 151 Fla. 536, 10 So.2d 142, and cases there cited. There is no rule of evidence more strongly imbedded in our jurisprudence.”
The decree must be reversed, and, following the procedure employed in the Goldman case, the cause is remanded for reconsideration of the evidence, upon applying the rule as to the stricter quantum of proof as indicated above, for redetermination and disposition accordingly.
In addition to ruling on the cause of action referred to above, the chancellor had before him for consideration a claim of the plaintiff against another parcel, based on different grounds. The decree of the chancellor made no disposition thereof.
An assignment of error was directed to the failure of the court to decide the issue relating to that second parcel. Appellant points out that the property is clouded by the plaintiff’s claims as asserted against it in the suit. We agree that disposition thereof should be made of that issue upon remand of the cause.
Accordingly, the decree appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.