SMITH, D. C., Associate Judge.
The appellee, as plaintiff, filed his complaint in equity against the appellant, as defendant, seeking to reform a contract for the construction of a seawall and seeking damages for defendant’s failure to complete *415 ly perform the contract as reformed and alleged faulty construction of that portion of the seawall which the defendant had constructed. Plaintiff abandoned his attempt to reform the contract. The defendant filed an answer denying that the seawall had been constructed in an unworkmanlike manner and a counterclaim alleging that the defendant had fully performed the contract, that the full contract price had not been paid, and that the same was due and owing the defendant. Neither of the parties objected to the cause continuing on the equity side of the court, and, pursuant to a stipulation, an order was entered referring the cause to a special master, with power to make findings of fact and rulings of law. The special master heard the cause, awarded damages to the plaintiff and denied the defendant’s counterclaim. Defendant filed exceptions to the master’s report. The Chancellor, after hearing argument on the exceptions to the master’s report, entered a final decree adopting and confirming the report of the master. The exceptions to the master’s' report were on the ground that there was no competent evidence before the master to support his findings.
The parties stipulated that S. Henry Harris, Esquire, be appointed as special master, with power to make findings of fact and rulings of law and an order was entered accordingly.
The record contains substantial competent evidence supporting the master’s findings. In the case of Aldred v. Romano et al., Fla. 1952, 58 So.2d 436, 438, the court said:
“We emphasize selection of the mas- . ter by counsel who stipulated that he be empowered to make findings of law and fact. The court honored the stipulation by formal order. We need not elaborate on the weight that should be given his findings for we have already done that in Harmon v. Harmon, Fla., 40 So. 2d 209, and Florida National Bank & Trust Co. of Miami v. Brown, Fla., 47 So.2d 748. In few words, the report of the master came to the chancellor bearing the dignity of a verdict of a jury, not to be disturbed unless shown to be clearly erroneous.”
The master’s findings have not been shown to be clearly erroneous. See Calhoun v. Abstract Company of Sarasota et al., Fla. 1950, 44 So.2d 83, and English v. Smith,. Fla.App.1957, 97 So.2d 339.
The decree appealed from is, accordingly, affirmed.
ALLEN, C. J., and SHANNON, J., concur.