ERVIN, J.
This is an appeal from a final order setting aside a judgment awarding $ 9,075 in unpaid child support arrears to the Department of Revenue on behalf of the mother, Barbara Dees. Because no competent, substantial evidence supports the trial court’s determination that Dees was equitably estopped from seeking the arrears, due to the “inordinate amount of time” that had elapsed before she sought recovery of the unpaid amounts, we reverse and remand with directions that the court reinstate the former judgment.
Following their divorce in 1987, the parties executed a marital settlement agreement in which the father, appellee Paul *793 Petro, Jr., agreed to pay $125 per month child support for their minor daughter until October 1987, and $200 per month thereafter. Dees remarried in April 1991, and her new husband adopted the girl. In November 1998, Dees filed two motions with the court seeking payment of arrears between 1987 and 1991. Her affidavit indicated that Petro had made two payments of $200 in October and November 1987, but none before or afterward. Following the entry of judgment for Dees, Petro filed a motion for rehearing in which he asserted the defenses of laches/estoppel. The court granted the motion, conducted an evidentiary hearing and entered the order setting aside the judgment.
Because of Petro’s failure to establish any of the requisite elements of estoppel, we agree that the lower court erred in finding that equitable estoppel barred Dees from seeking recovery of the unpaid arrears. Equitable estoppel requires a showing that a party misrepresented a material fact upon which the party asserting estoppel detrimentally relied. Mandarin Paint & Flooring, Inc. v. Potura Coatings of Jacksonville, 744 So.2d 482 (Fla. 1st DCA 1999). Dees’ purportedly inordinate delay in seeking recovery has nothing to do with misrepresentation, and there was no allegation or evidence of a misrepresentation on her part.
Although the trial court did not make an express finding that Dees should be barred from pursuing her claim for unpaid child support on the ground of laches, it is possible that the court made an implicit finding thereon, because Pe-tro’s motion for rehearing raised it as a defense and the order referred to the mother’s inordinate delay in seeking judgment on the arrearage. Accordingly, we address the issue of laches as well. We conclude that there is no evidentiary support for any finding that Dees was guilty of laches.
In order to establish the defense of laches, the defendant must prove the following elements: (1) conduct by the defendant that gives rise to the complaint; (2) the plaintiff has not filed suit, despite having knowledge of the defendant’s conduct and the opportunity to file suit; (3) lack of knowledge by the defendant that the plaintiff will assert the right upon which the suit is based; and (4) injury or undue prejudice to the defendant. Dean v. Dean, 665 So.2d 244, 247 (Fla. 3d DCA 1995). In the case at bar, no finding was made, indeed, no evidence was presented, that Petro was prejudiced or injured in any way by Dees’ delay in filing her petition. As stated, all that the trial court found was that Dees was estopped “based on the inordinate amount of time” she had allowed to pass before seeking recovery. The courts have held in child-support cases that a mere delay in filing suit is by itself insufficient to establish the prejudice necessary to relieve a parent from the obligation to support his or her child. See, e.g., id.; Pyne v. Black, 650 So.2d 1073 (Fla. 5th DCA 1995); Brumby v. Brumby, 647 So.2d 330 (Fla. 4th DCA 1994).
As examples of prejudice, the courts have applied the doctrine of laches within the child-support context when the father stopped paying child support because the mother prevented him from seeing the children, thereby depriving both the father and the children of the father-child relationship, Pyne, 650 So.2d 1073; or when the father had entered into a fourth marriage, had additional children, and sold his business and retired, based on his understanding that the mother would not make further demands on him, Brown v. Brown, 108 So.2d 492 (Fla. 2d DCA 1959). Here, Petro had remarried and had another child, but never alleged or testified that payment of support for his first child would be difficult for him in any way, or that he had acted in reliance on Dees’ failure to prosecute. In fact, he claimed that he had sent 90 percent of the pay *794 ments through the years.[1] Moreover, there was no evidence that Dees ever barred Petro from seeing his daughter.
REVERSED and REMANDED with directions that the lower court reinstate the judgment of recovery.
LAWRENCE and BROWNING, JJ., CONCUR.

. Petro failed to produce any receipts confirming such payments. The court apparently did not find this testimony credible, because it explicitly based its ruling solely on Dees’ delay, not on Petro's asserted substantial satisfaction of his obligation.