837 So.2d 1072 (2003)
DEPARTMENT OF REVENUE on Behalf of Marilyn BROWN, Appellant,
v.
William J. STEINLE, Appellee.
No. 2D01-1234.
District Court of Appeal of Florida, Second District.
February 5, 2003.
*1073 Charlie Crist, Attorney General, Tallahassee, and Jon J. Johnson and William H. Branch, Assistant Attorneys General, Tampa, for Appellant.
No appearance for Appellee.
NORTHCUTT, Judge.
The Department of Revenue challenges the circuit court's decision that it is barred from seeking unpaid child support for Marilyn Brown based on the doctrine of laches. We reverse, but remand for an evidentiary hearing.
Marilyn Brown and William Steinle were divorced in North Carolina in June 1988, after separating in November 1985. They had two daughters, born October 15, 1980, and May 9, 1984. The parties' 1985 separation agreement, which was incorporated in the final judgment of dissolution, required Steinle to pay Brown $50 per week in child support for the two children until they became emancipated.
In August 2000, the DOR filed a registration of foreign support order for enforcement under the Uniform Interstate Family Support Act, chapter 88, Florida Statutes (2000). This petition had been forwarded to Florida from North Carolina. The North Carolina authorities sought to register the parties' final judgment of dissolution and the incorporated separation agreement in order to enforce the child support provision. The petition claimed that Steinle had never paid any child support, resulting in an arrearage of $31,050, as of May 19, 2000.
Steinle contested the registration by filing a motion under section 88.6061, Florida Statutes (2000), arguing that laches barred enforcement of the final judgment. The circuit court conducted a hearing on the registration, and allowed Steinle to present limited testimony. Steinle recounted that sometime in 1986 he decided not to visit his children, thinking it was in their best interest not to fight with their mother over visitation. Sometime after that, he moved to Lakeland. He tried to contact his daughters through Brown, but they argued, she hung up the telephone, and he was unable to speak to them. After that, he called Brown's home several times, but his former mother-in-law answered. She told him the children were fine and to "leave things the way they are." His last contact with his children was ten to twelve years before the hearing. He had not seen them in fifteen years. Based on Steinle's testimony, the court found that Brown's action to enforce the past-due child support was barred by laches.
In order to prove the defense of laches, the party asserting it must show some prejudice. McCray v. State, 699 So.2d 1366, 1368 (Fla.1997); Dean v. Dean, 665 So.2d 244, 247 (Fla. 3d DCA 1995). *1074 Here, the court did not find, nor did the evidence show, any prejudice to Steinle. Mere delay in seeking to enforce a child support obligation is insufficient to establish the requisite prejudice. See Dean, 665 So.2d at 247; Brumby v. Brumby, 647 So.2d 330 (Fla. 4th DCA 1994). Prejudice can be established if, for example, a father stopped paying child support because the mother prevented him from seeing the children, thus depriving both the father and the children of their father-child relationship, Pyne v. Black, 650 So.2d 1073 (Fla. 5th DCA 1995), or, if a father sold his business and retired based on an understanding that the mother would not demand more child support, Brown v. Brown, 108 So.2d 492 (Fla. 2d DCA 1959). But here, Steinle did not prove that Brown withheld the children from him. He testified merely that they argued and he moved to Florida. He never sought to enforce his right to visitation. And the only person who told him to "leave things as they were" was his former mother-in-law. There is simply no evidentiary support for a finding that Brown was guilty of laches. See Dep't of Revenue ex rel. Dees v. Pietro, 765 So.2d 792, 793 (Fla. 1st DCA 2000). Accordingly, we reverse the circuit court's order.
That does not end our analysis, however. The documents from North Carolina state that an arrearage is owed and that the Florida courts should collect it. But no judgment has been entered for the unpaid child support, and the only evidence of the amount owed is an affidavit from Brown. Brown could not enforce the entire amount she claims, dating from June 1988, in North Carolina because that state has a ten-year limitation period on the enforcement of back child support. See Albemarle Child Enforcement Agency ex rel. George v. Bray, 130 N.C.App. 552, 503 S.E.2d 686 (1998). But under section 88.6041, "[i]n a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies." Florida has no statute of limitation on child support enforcement actions, but rather applies laches to determine if the action is barred. Frazier v. Frazier, 616 So.2d 575, 579 (Fla. 2d DCA 1993) (noting courts have decided that periodic alimony and child support do not have a legal counterpart for purposes of statutory laches); see also Garcia v. Guerra, 738 So.2d 459, 464 (Fla. 3d DCA 1999) (noting that it would be helpful if the legislature would adopt a statute of limitations establishing a fair time period for bringing arrearages actions). Thus, Florida law would apply.
In Frazier, the former wife sought registration of a Colorado final judgment of dissolution under the old URESA statutes, which were very similar to the present UIFSA process. Compare § 88.351(c), Fla. Stat. (1991), with § 88.6021, Fla. Stat. (2000). The Frazier court remarked that the URESA registration process was rarely used. Instead, the party seeking support usually would obtain a judgment in the state with jurisdiction and seek to enforce that judgment in Florida. As in this case, Mrs. Frazier had not obtained a judgment for arrears. In connection with the registration of her dissolution judgment, she filed a verified petition stating the amount owed, but her petition did not show how she calculated that amount. 616 So.2d at 577. Although Mr. Frazier contested the registration, the court confirmed it. This court concluded that the legal effect of the confirmation was to create a Florida judgment in the amount of the arrearages Mrs. Frazier claimed. Id. at 577-78. We affirmed the order of registration, but held that due process required that the husband be afforded an evidentiary hearing on the amount owed.
The effect of our ruling here is to order the circuit court to confirm the registration. *1075 But in doing so, it must grant Steinle an evidentiary hearing on the amount of support owed. See id. at 579-80.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.