PER CURIAM.
We affirm the order of the trial court requiring appellant to fulfill her child support and child support arrearage obligations. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980); Dep't of Revenue ex rel. Brown v. Steinle, 837 So.2d 1072, 1074 (Fla. 2d DCA 2003) (citations omitted); State, Dep't of Revenue ex rel. Dees v. Petro, 765 So.2d 792, 793 (Fla. 1st DCA 2000); Young v. Hector, 740 So.2d 1153, 1158 (Fla. 3d DCA 1998). However, we decline to accept jurisdiction over the order granting appellee’s motion to dismiss appellant’s petition for modification of child custody, with leave to amend, as that order is neither a final order nor an ap-pealable order. See Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995); Augustin v. Blount, Inc., 573 So.2d 104, 105 (Fla. 1st DCA 1991). The appeal as to the order of dismissal with leave to amend is dismissed for lack of jurisdiction without prejudice to the right of the appealing party to file a timely notice of appeal after a final order has been rendered by the trial court. See Benton, 655 So.2d at 1273.
AFFIRMED in part; DISMISSED in part.
ERVIN, ALLEN and LEWIS, JJ., Concur.