PER CURIAM.
 

 Carolyn Jackmore appeals an order denying her motion to enforce a foreign judgment. We reverse and remand for further proceedings.
 

 In 1975, the New York Supreme Court entered a judgment dissolving the marriage of Carolyn and William Jackmore and ordering the former husband to pay $200 monthly alimony and child support.
 
 *913
 
 Thirty-five years later, in May 2010, Carolyn Jackmore filed a motion in the Duval County Circuit Court to register the New York judgment and to enforce it against the estate of William Jackmore, alleging that he had repeatedly refused to pay his obligations in spite of her “requests and pleadings.” After a non-evidentiary hearing, the trial court denied the motion, finding that the former wife had abandoned or waived any claim against the former husband, that her claim was barred by New York’s statute of limitations, and that she failed to comply with the Uniform Reciprocal Enforcement of Support Act. This was error.
 

 The Uniform Interstate Family Support Act replaced the Uniform Reciprocal Enforcement of Support Act in 1997.
 
 Dep’t of Revenue ex rel. Cascella v. Cascella,
 
 751 So.2d 1273 (Fla. 5th DCA 2000). Within the Uniform Interstate Family Support Act, section 88.6041, Florida Statutes, provides:
 

 (1) The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order.
 

 (2)
 
 In a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies.
 

 (Emphasis added.) Florida does not have a limitations period for enforcement of alimony or child-support orders, and thus Florida’s unlimited period applies.
 

 Notwithstanding the absence of a limitations period, the former wife’s action for enforcement is equitable in nature and thus may be limited by the doctrine of laches.
 
 See Dep’t of Revenue ex rel. Brown v. Steinle,
 
 837 So.2d 1072 (Fla. 2d DCA 2003). Laches, however, is an affirmative defense that must be proven by facts about both the plaintiffs and the defendant’s conduct, and is not established merely by the passage of an inordinate period of time.
 
 Bethea v. Langford,
 
 45 So.2d 496 (Fla.1949).
 

 It is undisputed that the hearing below was not an evidentiary hearing. The court thus had no evidentiary basis from which to conclude that the estate of the former husband had proven laches. Moreover, the estate did not contend until oral argument that the former wife’s action was barred by the two-year statute of non-claim under section 733.710, Florida Statutes. We reverse and remand for the lower court to conduct an evidentiary hearing to determine any factual issues properly raised by the parties.
 

 REVERSE and REMAND.
 

 PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.