IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HARVEY LOVEJOY,

        Appellant,

 v.                                                                  Case No.  5D16-4270

DELILAH DEE POOLE,

        Appellee.
_____/

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Osceola County,
Diana M. Tennis, Judge.

Eric J. Stuedemann, Bradenton, for
Appellant.

Richard V. Lee, Bradenton, for
Appellee.

PER CURIAM.

Harvey Lovejoy appeals the denial of his motion seeking to enforce child support arrearages owed by Delilah Poole. The trial court denied the motion without a hearing. We reverse.

Lovejoy and Poole never married but had two children together. In 1997, Lovejoy was designated the primary residential parent of the children. Poole was ordered to pay child support in addition to arrears owed. In 2001, the court again established arrearages,

ordered Poole to pay child support until the children reached the age of eighteen, and ordered her to contribute to Lovejoy's attorney's fees and costs.

In 2016, Lovejoy moved for civil contempt/enforcement. He alleged that Poole had not made any payments for child support, arrearages, or ordered attorney's fees since the stipulated final judgment was entered in 1997.[1] Lovejoy also claimed that Poole concealed her address and employment information from him. The trial court denied the motion without a hearing and without explanation, citing Pyne v. Black, 650 So. 2d 1073 (Fla. 5th DCA 1995). Lovejoy moved for reconsideration, but the court summarily denied the motion. In its entirety, the order stated, "Denied. Lack of Standing. See Pyne v. Black."

In Pyne, this Court affirmed the denial of a motion for contempt that sought to collect child support arrears; the motion was denied after an evidentiary hearing. 650 So. 2d at 1074. The majority agreed with the trial court that the wife's attempt to collect child support twelve years after the husband stopped paying and four years after the youngest child turned eighteen years old was barred by equitable estoppel and laches. Id. The panel also agreed that the wife lacked standing to collect post-majority child support. Id.[2]

Here, the trial court erred in relying on Pyne to deny Lovejoy's motion. In particular, the court erred in denying the motion for reconsideration based on a finding that Lovejoy lacked standing to pursue his claim. The only reference to standing in Pyne related to enforcement of post-majority child support arrearages. Id. at 1074, 1076. Here, Lovejoy sought to enforce pre-majority child support arrearages. Thus, standing is not at issue in

---

[1] Poole acknowledges that she failed to comply with the child support orders.

[2] The support obligation in Pyne, by agreement, extended until the children reached the age of twenty-one.

this case. See Gibson v. Bennett, 561 So. 2d 565, 572 (Fla. 1990) ("[A] judgment for support arrearages is enforceable by contempt proceedings after a child has reached the age of majority.").

In addition, unlike the instant case, the trial court in Pyne held an evidentiary hearing. 650 So. 2d at 1074. Assuming that the trial court here relied on either laches or equitable estoppel in denying Lovejoy's motion for contempt, absent an evidentiary hearing, that was error. Laches may bar an equitable claim of enforcement, but it is an affirmative defense dependent upon the facts of each case. See Jackmore v. Jackmore, 71 So. 3d 912, 913 (Fla. 1st DCA 2011) ("Laches . . . is an affirmative defense that must be proven by facts about both the plaintiff's and the defendant's conduct, and is not established merely by the passage of an inordinate period of time." (citing Bethea v. Langford, 45 So. 2d 496 (Fla. 1949))). Moreover, Poole would be required to demonstrate prejudice from Lovejoy's delay in filing the motion. See Bishop v. Bishop, 858 So. 2d 1234, 1238 (Fla. 5th DCA 2003). And, to successfully assert the defense of equitable estoppel, Poole would bear the burden of establishing its elements by clear and convincing evidence. See Goodwin v. Blu Murray Ins. Agency, Inc., 939 So. 2d 1098, 1103 (Fla. 5th DCA 2006) (citing Watson Clinic, LLP v. Verzosa, 816 So. 2d 832, 834 (Fla. 2d DCA 2002)). Thus, the trial court erred in denying Lovejoy's motion without holding an evidentiary hearing. Accordingly, we reverse.

REVERSED AND REMANDED.

COHEN, C.J., ORFINGER and WALLIS, JJ., concur.

3