# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0998
Lower Tribunal No. 08-20982
_____

**Karen Patricia Alcalde,**
Appellant,

vs.

**Michael C. Alcalde,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Karen Patricia Alcalde, in proper person.

Michael C. Alcalde, in proper person.

Before LOGUE, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Karen P. Alcalde, the former wife, appeals the trial court's order denying her motion to enforce child support in favor of Michael C. Alcalde, the former husband. We reverse for further proceedings consistent with this opinion.

In 2008, the trial court entered a final judgment dissolving the parties' marriage. The final judgment specifically incorporated the terms of the parties' marriage settlement agreement ("MSA") in which the former husband agreed to pay $800 a month in child support. The parties have two minor children, one of whom was born after entry of the final judgment. The MSA expressly contains a provision that the agreement would remain in effect even if the parties reconciled or cohabitated.

The parties reconciled in 2009, and the former wife moved back into the family home. In 2015, the parties split up once more and began the instant post-judgment litigation. After a bench trial, the trial court entered a final order in 2017 granting the parties equal timesharing. In a pre-trial hearing, the trial court decided it would address the issue of delinquent child support in a separate proceeding.

In 2019, the former wife filed a motion for child support, alleging the former husband never paid any child support. In his response, the former husband alleged that he paid child support for a year following their 2008

dissolution and that, after the parties reconciled, he paid for almost all their household expenses in lieu of child support. Additionally, he asserted the affirmative defense of laches.

The trial court originally set an evidentiary hearing for December 2019 but then denied the motion solely based on the pleadings after concluding that "Former Wife never pursued her claim to back child support against the Former Husband in their post judgment litigation" and had therefore "abandoned and waived any claim she might have had to enforce the alleged delinquent child support." The former wife moved for rehearing, which the trial court denied. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)a.

We take issue with the trial court's order for two reasons. First, the trial court determined that the former wife had waived her claim, not that her claim was barred by laches. These doctrines are not interchangeable. In the child support context, a parent cannot waive the "child's right to support," Wilkes v. Wilkes, 768 So. 2d 1150, 1151 (Fla. 2d DCA 2000), but a claim for enforcement may be barred by laches. See, e.g., Dep't of Revenue ex rel. Brown v. Steinle, 837 So. 2d 1072, 1074 (Fla. 2d DCA 2003).[1] Second,

---

[1] Defendants have a high burden to succeed on the affirmative defense of laches. As this Court previously explained:

3

issues relating to the enforcement of child support generally require an evidentiary hearing.  See, e.g., Lovejoy v. Poole, 230 So. 3d 164, 166 (Fla. 5th DCA 2017); Niblack v. State, Dep't of Revenue, Off. of Child Support Enf't ex rel. Bacon, 959 So. 2d 358, 359 (Fla. 3d DCA 2007).

Therefore, we reverse and remand for the trial court to hold an evidentiary hearing on the issues of delinquent child support and laches.  In doing so, we express no opinion on the merits of the parties' position, only that these issues must be tried before they are resolved.

Reversed and remanded.

---

Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It is an equitable defense, and its applicability depends upon the circumstances of each case. Delay alone in asserting a right does not constitute laches, and the burden is on the party who asserts the doctrine of laches to prove prejudice.

In the context of child support arrearage cases, the defense of laches is only applied in extraordinary circumstances where the facts clearly show extreme prejudice.

Ticktin v. Kearin, 807 So. 2d 659, 663 (Fla. 3d DCA 2001) (citations omitted).